# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**SHY LAMONT HEATH**                                                                                      **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:14-CV-257-S**

**CHRISTOPHER DAVID et al.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Shy Lamont Heath, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues Louisville Metro Police Detective Christopher David and eight unknown members of the Louisville Metro Police SWAT team in their individual and official capacities. He alleges that on "the 26 day of July" Defendants violated his civil rights in the course of his arrest. He asks for monetary and punitive damages.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although in this complaint, Plaintiff only refers to the date of the alleged civil-rights violations as "July 26," in other cases in this Court Plaintiff has complained of civil-rights violations during his arrest on July 26, 2006. In *Heath v. Swearingen et al.*, No. 3:08-CV-246-H, Plaintiff's complaint alleged that on July 26, 2006, he was arrested by Louisville Metro police. That complaint included among the Defendants the Louisville SWAT team. In *Heath v. Klein et al.*, No. 3:14-CV-255-H, Plaintiff also raised claims relating to his arrest on July 26, 2006. In *Heath v. Brown et al.*, No. 3:14-CV-256-H, Plaintiff again made claims related to his arrest on July 26, 2006, by Louisville Metro Police. Given that in three other cases before this Court Plaintiff has given the date of his arrest by Louisville Metro Police as July 26, 2006, the Court feels confident that in this case the complained-of activities took place in 2006, or more than

seven years before he filed this suit.

As this Court has explained to Plaintiff in his prior cases before this Court regarding his arrest on July 26, 2006, in § 1983 actions like this, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and . . . a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff filed his complaint on March 17, 2014, well after the one-year limitations period had run. Since Plaintiff's complaint was filed outside the limitations period, all of his claims will be dismissed as frivolous, pursuant to § 1915(e)(2)(B)(i). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint as frivolous.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4411.009